IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| AMY L. KIRKWOOD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-19-77-R |
|  | ) |  |
| (1) UNITED STATES OF AMERICA; | ) |  |
| (2) ACTING UNITED STATES | ) |  |
| ATTORNEY GENERAL MATTHEW G. | ) |  |
| WHITAKER; | ) |  |
| (3) STATE OF OKLAHOMA; and | ) |  |
| (4) STATE OF OKLAHOMA | ) |  |
| ATTORNEY GENERAL MIKE HUNTER, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Amy Kirkwood, appearing *pro se*, filed this Complaint (Doc. 1) on January 29, 2019. Plaintiff also moved for leave to proceed *in forma pauperis* that same day, which United States Magistrate Judge Shon T. Erwin granted on January 30, 2019. *See* Docs. 2–3. Under 28 U.S.C. § 1915(e)(2), which applies to *in forma pauperis* proceedings, "the court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] . . . fails to state a claim for which relief may be granted." Upon review, the Court dismisses the Complaint for failure to comply with the Federal Rules of Civil Procedure and failure to state a claim.[1]

---

[1] The Court may also dismiss this complaint under Fed. R. Civ. P. 41(b) for failure to comply with the Federal Rules of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 & n.2 (10th Cir. 2007).

1

Under Fed. R. Civ. P. 8(a), a complaint "that states a claim for relief must contain" three things: "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought." In practice, Rule 8(a)(2) requires that the complaint contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) ("Prolixity of a complaint undermines the utility of the complaint. Thus, we have held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in a morass of irrelevancies." (internal quotation marks and citations omitted)).[2] And while Plaintiff's pleadings enjoy liberal construal in light of her *pro se* status, Plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citations omitted).

Even liberally construed, Plaintiff's complaint is simply deficient. As to form, there is nothing simple, concise, or direct about Plaintiff's filing, and its lack of numbered paragraphs, or any organizing structure, renders Plaintiff's arguments opaque and incomprehensible. Indeed, what Plaintiff has filed is not so much a complaint as it is a meandering essay on state and federal drug policy—policy with which Plaintiff takes issue.

---

[2] Moreover, under Fed. R. Civ. P. 10(b), "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

*See generally* Doc. 1. But absent from the pleading are factual allegations showing an injury to Plaintiff or how the policies criticized even relate to, let alone harm, her. Additionally, Plaintiff includes no statement indicating whether this Court has subject matter jurisdiction over the suit or personal jurisdiction over the parties; while it appears Plaintiff may be arguing that some action by the federal or state government has violated her constitutional rights, this supposition is not at all clear, and the Court will not serve as Plaintiff's advocate in order to cure a defective complaint. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Given Plaintiff's failure to comply with the Federal Rules and failure to state a claim under *Twombly* and *Iqbal*, the Court must dismiss Plaintiff's complaint as filed.

While this Court cannot cure the complaint's defects, Plaintiff should have an opportunity to do so. Accordingly, Plaintiff may file an amended complaint that complies with federal pleading standards and cures the deficiencies noted above within twenty-one (21) days of the date of this order. Should Plaintiff fail to file an amended complaint within this time, the Clerk shall dismiss the action without further notice to Plaintiff.

It is further ordered that, in the absence of an operative complaint, all pending Motions to Join (Docs. 5–8) are denied as moot.[3]

---

[3] The Court notes that similar, even identical, actions to the instant suit have been filed in federal district courts throughout the country within the last several weeks. *See Wilton v. United States*, No. CIV-19-133 (N.D. Ohio Jan. 17, 2019); *Favero v. United States*, No. CIV-19-78 (S.D. Cal. Jan. 11, 2019); *Hull v. Whitaker*, No. CIV-19-26 (W.D. Tex. Jan. 11, 2019); *Hughes v. United States*, No. CIV-19-37 (S.D. W. Va. Jan. 11, 2019); *Doherty v. United States*, No. CIV-19-18 (M.D. Fla. Jan. 10, 2019); *Martin v. United States*, No. CIV-19-09 (W.D. Wash. Jan. 4, 2019); *Colbert-Hock v. United States*, No. CIV-19-43 (D. Ariz. Jan. 4, 2019). While Plaintiff does not appear to have joined in these other actions, they share notable commonalities with the instant suit, including similar plaintiffs or similar parties attempting to join as plaintiffs. For example, Lawrence Favero, who filed a motion to join in this suit, *see* Doc. 7, filed a similar

IT IS SO ORDERED this 6th day of February, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

suit in the Southern District of California (No. CIV-19-78). And in that California suit, Rhonda T. Favero, Douglas W. McLaughlin, and Gail F. McLaughlin have filed motions to join—as they have tried to do in this suit as well. *See* Doc. 8; *see also* Docs. 9–10 (motions to join by Mr. and Ms. McLaughlin stricken for failure to comply with Fed. R. Civ. P. 11).